1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

UNION PACIFIC RAILROAD COMPANY, a
Delaware corporation,

10

                      Plaintiff,

11

     v.

12
13

TRAVELERS CASUALTY AND SURETY
COMPANY (f/k/a The Aetna Casualty and
Surety Company), a Connecticut corporation;

14

NEW ENGLAND REINSURANCE
CORPORATION, a Connecticut corporation;

15

and CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation, the

16

successor by merger to Harbor Insurance
Company,

17
18

                    Defendants.

Case No.  3:18-cv-5648

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY
RELIEF

19
20

Plaintiff, Union Pacific Railroad Company ("Union Pacific" or "Plaintiff"), alleges as

follows:

21
22

**PARTIES**

23

1.     Union Pacific is a Delaware corporation with its principal place of business in

24

Omaha, Nebraska.

25

2.     Plaintiff is informed and believes and thereon alleges that defendant Travelers

26

Casualty and Surety Company ("Travelers"), formerly known as The Aetna Casualty and

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 1
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1   Surety Company, is a Connecticut corporation with its principal place of business in Hartford,

2   Connecticut.

3       3.      Plaintiff is informed and believes and thereon alleges that defendant New

4   England Reinsurance Corporation ("New England") is a Connecticut corporation with its

5   principal place of business in Hartford, Connecticut.

6       4.      Plaintiff is informed and believes and thereon alleges that defendant

7   Continental Insurance Company ("Continental") is a Pennsylvania corporation with its

8   principal place of business in Chicago, Illinois and is the successor by merger to Harbor

9   Insurance Company and the successor in interest to the policies issued by Harbor Insurance

10  Company.

11      5.      Plaintiff is further informed and believes and thereon alleges that defendants

12  are insurance companies authorized to do business as insurers in the State of Washington and

13  at relevant times hereto did substantial business in Washington and within this district.

## JURISDICTION AND VENUE

16      6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332

17  because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

18  and costs, and is between citizens of different States.

19      7.      Venue is proper in this District pursuant to 28 U.S.C. sections 1391(a) and (c)

20  because this is the district in which a substantial part of the events or omissions giving rise to

21  the claim occurred; and defendants are subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

25      8.      This action relates to certain real property located in Ridgefield, Washington,

26  on which Pacific Wood Treating ("PWT) operated a wood treating facility from 1964 until it

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 2
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

declared bankruptcy in 1993 (the "Site").  The Site was bounded on the east by a Burlington Northern Santa Fe Railroad ("BNSF") main line, on the west by Lake River, and on the north by Carty Lake and the Ridgefield National Wildlife Refuge.

9.    PWT's operations involved chemical solutions containing creosote, pentachlorophenol (PCP) and CCA (a copper, chromium and arsenic mixture).  PWT leased approximately 24 acres of the Site from the Port of Ridgefield (the "Port"), areas of which were later designated in an Agreed Order with Ecology as Cells 1 and 2, and which included a treating chemical tank farm, retorts used for pressure treating, a drip pad outside the retorts, untreated wood storage areas, treated lumber storage and shipping areas, a truck scale, rail spur and tram tracks, an unlined surface impoundment, French drain, sludge incinerator and, beginning in the 1980s, a wastewater treatment plant.  Cell 4, also known as the North Pole Yard, was used for debarking of poles and storage of untreated and treated poles.  Cells 1, 2 and 4 are located north of Division Street and, except for a half-acre portion of Cell 1 owned by the City of Ridgefield until the Port purchased it in 2010, all of these areas were owned by the Port.

10.    During this same period, PWT leased from Union Pacific an approximately two-acre parcel located at the southeastern portion of the Site, comprising approximately 24 percent of what was known as the South Pole Yard and later designated Cell 3, south of Division Street.  This former Union Pacific property, which was leased to the Port following PWT's bankruptcy and sold to the Port in 2013, included an area for storage of untreated scaffolding planks, a rail spur and, beginning in the 1970s, areas for storage and shipment of treated poles, an office, tram track and, in the final years of PWT's operations, a drip trough. The remainder of Cell 3 was leased to PWT by the Port and included an area for inspection of

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 3
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

newly-treated poles, areas for storage of treated poles and lumber, a barge loading ramp, and an area for discarded scraps of treated wood.

11.     In 1996, Washington State Department of Ecology ("Ecology") named the Port as a potentially liable person (PLP) under Washington's Model Toxics Control Act ("MTCA"), RCW 70.105D.010, *et seq*.  The Port accepted this determination and, that same year, entered into the first of a series of agreed orders with Ecology for investigation and remediation of the Site.  Over the next 16 years, Ecology provided the Port with more than $80 million in grants and forgiven loans, and the Port received additional grants and insurance proceeds from other sources, totaling more than $90 million, for environmental investigation and remediation at the Site.  On-Site cleanup activities were completed in 2013.  More than $85 million of the of the $90 million in funding was spent on remediation relating to Cells 1 and 2, whereas less than $3 million was spent on remediation of Cell 3 and related sediments.

12.     In September 2013, Ecology provided notice of its intent to name Union Pacific as a PLP based on Union Pacific's ownership of approximately 2 acres at the Site that were leased and used by PWT for its wood treating operations (hereinafter, the "Ecology Action").  In November 2013, Ecology named Union Pacific as a PLP under the MTCA.

13.     On December 3, 2014, the Port filed a complaint in the Clark County Superior Court against Union Pacific seeking contribution for an equitable share of $90 million in costs allegedly incurred by the Port in remedial action costs at the Site, and for attorneys' fees and costs, all as more fully alleged in the complaint in the underlying action, captioned *Port of Ridgefield v. Union Pacific Railroad Company*, which Union Pacific thereafter removed to this Court, and which now bears Case No. 3:14-cv-06024-RBL (hereinafter, the "Port Action").

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 4
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

14.     Under the terms of PWT's lease with Union Pacific, PWT was required to name Union Pacific as an additional insured under PWT's applicable primary and excess general liability policies during the term of its lease with Union Pacific.

15.     Union Pacific is informed and believes and thereon alleges that it is an additional insured under defendants' insurance policies insuring PWT identified below.

16.     Union Pacific is informed and believes and thereon alleges that on or about May 3, 1976, Travelers issued a commercial general liability policy, No. 42AL205424, or alternatively or in addition thereto, bearing policy no. 42AL204275, insuring PWT, and having a policy period from on or about May 3, 1976 to on or about May 3, 1977 (hereinafter the "Travelers 1976 Policies").  Union Pacific is informed and believes and thereon alleges that under the terms of the Travelers 1976 Policies, Travelers agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations and to defend any suit against Union Pacific seeking such damages.

17.     Union Pacific is informed and believes and thereon alleges that on or about May 3, 1977, Travelers issued a commercial general liability policy, No. 42AL206231, or alternatively or in addition thereto, bearing policy no. 42AL205424, insuring PWT, and having a policy period from on or about May 3, 1977 to on or about May 3, 1978 (hereinafter the "Travelers 1977 Policies").  Union Pacific is informed and believes and thereon alleges that under the terms of the Travelers 1977 Policies, Travelers agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations and to defend any suit against Union Pacific seeking such damages.

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 5
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

18.     Union Pacific is informed and believes and thereon alleges that on or about May 3, 1978, Travelers issued a commercial general liability policy, No. 42AL206231CCA, insuring PWT, and having a policy period from May 3, 1978 to May 3, 1979 (hereinafter the "Travelers 1978 Policy").  True and correct copies of the pertinent portions of the Travelers 1978 Policy are attached hereto as Exhibit 1.  Union Pacific is informed and believes and thereon alleges that under the terms of the Travelers 1978 Policy, Travelers agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations and to defend any suit against Union Pacific seeking such damages.

19.     Union Pacific is informed and believes and thereon alleges that on or about May 3, 1979, Travelers issued a commercial general liability policy, No. 42GL36170CCAV, insuring PWT, and having a policy period from May 3, 1979 to May 3, 1980 (hereinafter the "Travelers 1979 Policy").  True and correct copies of pertinent portions of the Travelers 1979 Policy are attached hereto as Exhibit 2.  Union Pacific is informed and believes and thereon alleges that under the terms of the Travelers 1979 Policy, Travelers agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations and to defend any suit against Union Pacific seeking such damages.

20.     Union Pacific is informed and believes and thereon alleges that on or about May 3, 1980, Travelers issued a commercial general liability policy, No. 42GL56837CCA, insuring PWT, and having a policy period from May 3, 1980 to May 3, 1981 (hereinafter the "Travelers 1980 Policy").  True and correct copies of the pertinent portions of the Travelers 1980 Policy are attached hereto as Exhibit 3.  Union Pacific is informed and believes and

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 6
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

thereon alleges that under the terms of the Travelers 1980 Policy, Travelers agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations and to defend any suit against Union Pacific seeking such damages.

21. On or about October 1, 1977, Continental's predecessor, Harbor Insurance Company, issued a commercial umbrella liability policy, No. 131154, insuring PWT, and having a policy period from October 1, 1977 to October 1, 1978 (hereinafter the "Continental 1977 Policy"). True and correct copies of the pertinent portions of the Continental 1977 Policy are attached hereto as Exhibit 4. Under the terms of the Continental 1977 Policy, Continental agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations in excess of the limits of the scheduled underlying primary coverage and to defend any suit against Union Pacific seeking such damages upon exhaustion of the scheduled underlying coverage.

22. On or about October 1, 1978, Continental's predecessor, Harbor Insurance Company, issued a commercial umbrella liability policy, No. 131338, insuring PWT, and having a policy period from October 1, 1978 to October 1, 1979 (hereinafter the "Continental 1978 Policy"). True and correct copies of the pertinent portions of the Continental 1978 Policy are attached hereto as Exhibit 5. Under the terms of the Continental 1978 Policy, Continental agreed to indemnify Union Pacific, as an additional insured, for all sums which it becomes legally obligated to pay as damages because of property damage arising out of PWT's operations in excess of the limits of the scheduled underlying primary coverage and to

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF – 7
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1  defend any suit against Union Pacific seeking such damages upon exhaustion of the scheduled

2  underlying coverage.

3       23.     On or about October 1, 1979, New England issued a commercial umbrella

4  liability policy, No. 685159, insuring PWT, and having a policy period from October 1, 1979

5  to October 1, 1980 (hereinafter the "New England 1979 Policy").  True and correct copies of

6  the pertinent portions of the New England 1979 Policy are attached hereto as Exhibit 6.

7  Union Pacific is informed and believes and thereon alleges that under the terms of the New

8  England 1979 Policy, New England agreed to indemnify Union Pacific, as an additional

9  insured, for all sums which it becomes legally obligated to pay as damages because of

10  property damage arising out of PWT's operations in excess of the amount recoverable under

11  the scheduled underlying primary coverage and to defend any suit against Union Pacific

12  seeking such damages upon exhaustion of the scheduled underlying coverage.

13

14       24.     Union Pacific notified defendants of the Ecology Action and the Port Action

15  (the "Underlying Actions") and demanded that defendants defend and indemnify Union

16  Pacific in the Underlying Actions.  Despite their clear duties under defendants' policies to

17  defend and indemnify Union Pacific in the Underlying Actions, defendants have refused or

18  failed to do so.

19

20  ## FIRST CAUSE OF ACTION

21  (Breach of Contract - Travelers)

22       25.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

23  through 24 of the complaint as though set forth fully herein.

24       26.     Plaintiff has complied fully with all of the terms and conditions of the Policies

25  on its part to be performed.

26

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 8
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

27.     Travelers owes a duty to defend Union Pacific in the Underlying Actions, as an additional insured, pursuant to one or more of the insurance policies that Travelers issued insuring PWT.

28.     Travelers has breached one or more of its contracts of insurance with plaintiff by refusing or failing to defend plaintiff in the Underlying Actions.

29.     As a direct and proximate result of defendant's breach of its contractual duties, plaintiff has sustained substantial damages, including, but not limited to, the attorneys' fees, costs and other expenses that plaintiff has incurred and will continue to incur in defending itself in the Underlying Actions, all in amounts according to proof at the time of trial.

## SECOND CAUSE OF ACTION

(Declaratory Relief - All Defendants)

30.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 of the complaint as though set forth fully herein.

31.     An actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and obligations under defendants' policies. Plaintiff contends that defendants are liable to defend and indemnify plaintiff in the Underlying Actions.  Plaintiff is informed and believes and thereon alleges that defendants dispute these contentions.

32.     A determination by this Court of the respective rights, duties and liabilities under the Policies with respect to defense and indemnity of plaintiff in the Underlying Actions is necessary and proper at this time to avoid further prejudice to plaintiff's rights. Plaintiff has no other adequate or speedy remedy at law of any kind.

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 9
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

33.     Pursuant to 28 U.S.C. section 2201, plaintiff desires a judicial determination and declaration of defendants' duties with respect to defense and indemnity of plaintiff in the Underlying Actions and specifically requests this Court to:

a.     Make a determination regarding whether any of the Travelers' policies alleged herein are subject to applicable aggregate limits and whether the applicable per occurrence or any applicable aggregate limits of such policies have been exhausted;

b.     Declare that Travelers and the defendants issuing excess or umbrella policies (to the extent any scheduled underlying coverage has been exhausted) and each of them owe a duty to defend plaintiff in the Underlying Actions; and that such defendants must pay for the complete defense of Union Pacific in the Underlying Actions through the conclusion of the Underlying Actions; and that such defendants are liable to Union Pacific for its past and future defense expenses in the Underlying Actions;

c.     Declare that defendants found to have an obligation to defend and each of them must reimburse plaintiff for all past defense fees and costs paid or incurred by plaintiff in the Underlying Actions, including attorneys' fees, costs, expert or consulting fees, site investigation and other expenses, together with interest thereon;

d.     Declare that defendants found to have an obligation to defend and each them must pay on behalf of plaintiff all future defense fees and costs incurred by plaintiff in the Underlying Action, including attorneys' fees, costs, expert or consulting fees, site investigation and other expenses;

e.     Declare that defendants and each of them owes a duty to indemnify plaintiff for any settlement or judgment in the Underlying Actions; and

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 10
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

f.       Determine the remaining limits of defendants' respective policies applicable to defendants' obligations to indemnify plaintiff for any settlement or judgment in the Underlying Actions.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered defendants and each of them for:

1.       On the First Cause of Action:

a.       The attorney's fees, costs, expert witness fees and other defense expenses incurred by plaintiff in the Underlying Actions; and

b.       Other policy benefits according to proof.

2.       On the Second Cause of Action:

a.       A declaration of the parties' rights and duties as requested.

3.       On all causes of action:

a.       prejudgment interest;

b.       costs of suit, including Union Pacific's attorneys' fees in this action;

and such further relief as the court deems proper.

DATED:  August 10, 2018.

JOYCE ZIKER PARKINSON, PLLC

*/s/ Matthew J. Stock*
Matthew J. Stock, WSBA No. 40223
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Phone: (206) 957-5950
Fax:    (206) 957-5961
Email: mstock@jzplaw.com

*Attorneys for Union Pacific Railroad Company*

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF  – 11
CASE NO. 3:18-cv-5648

2032 002 oh105113r0

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


/s/ *David E. Cranston*
_____
David E. Cranston, CA SBN 122558
(*pro hac vice application pending*)

/s/ *Jonathan B. Sokol*
_____
Jonathan B. Sokol, CA SBN 131806
(*pro had vice application pending*)
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067-4590
Phone: (310) 553-3610
Fax:    (310) 553-0687
E-mail: DCranston@GreenbergGlusker.com
E-mail: JSokol@GreenbergGlusker.com

*Attorneys for Union Pacific Railroad Company*

COMPLAINT FOR BREACH OF
CONTRACT AND DECLARATORY RELIEF – 12
CASE NO. 3:18-cv-5648

JOYCE ZIKER PARKINSON, PLLC
1601 Fifth Avenue, Suite 2040
Seattle, Washington 98101
Tel: 206-957-5960 / Fax: 206-957-5961

2032 002 oh105113r0